MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar No. 66849
KATHY QUON BRYANT, ESQ., CA Bar No. 213156
100 Shoreline Highway, Suite B-160
Mill Valley, CA 94941
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@meyerslawgroup.com
kquonbryant@meyerslawgroup.com

Attorneys for Kane Corporation,
Reorganized Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>KANE CORPORATION,<br><br>Debtor. | Case No. 21-30819 HLB<br><br>Chapter 11 (Converted) |

**REORGANIZED DEBTOR'S OBJECTION TO
CLAIM NUMBER 1 FILED BY PAHL & McCAY, APC**

KANE CORPORATION, the reorganized chapter 11 debtor herein (the "Debtor"), hereby objects (the "Objection"), pursuant to 11 U.S.C. § 502, Rule 3007(a) of the Federal Rules of Bankruptcy Procedure and the terms of the *Combined Plan Of Reorganization And Disclosure Statement Proposed By Peter Kane (December 7, 2022)* (the "Plan," docket no. 90), to the allowance of Claim Number 1 filed by PAHL & MCCAY, APC ("P&M") on February 11, 2022, in the amount of $29,771.16 ("Claim 1"), on the ground that no amount is owed by the Debtor to P&M, and that P&M is in fact indebted to the Debtor. The Debtor submits that Claim 1 should be disallowed in its entirety. A true and correct copy of Claim 1 is attached hereto as **Exhibit "A."**

## I. BACKGROUND

The record of the Court, together with the declaration of Peter C. Kane (the "Kane Decl.") filed concurrently herewith, establishes the following pertinent facts:

1. The Debtor filed a voluntary chapter 7 petition on December 17, 2021 (the "Petition Date"). E. Lynn Schoenmann was appointed as trustee (the "Trustee") of the Debtor's chapter 7 estate (the "Estate").

2. On November 10, 2022, upon Mr. Kane's motion, the Court entered an order converting the Debtor's case from chapter 7 to one under chapter 11 (docket no. 64).

3. On February 16, 2023, the Court entered the *Order Confirming Combined Plan Of Reorganization And Disclosure Statement Proposed By Peter Kane (December 7, 2022),* confirming the Plan (docket no. 114). The Plan became effective on March 9, 2023.

4. In 2018, the Debtor, together with Cornish & Carey Commercial, dba Newmark Knight Frank ("Newmark"), a real estate brokerage firm, filed a complaint in Santa Clara County Superior Court, commencing a breach of contract action against Barbaccia Properties Holdings, LLC ("Barbaccia"), seeking recovery of damages in the approximate amount of $1.8 million, for commission owed by Barbaccia to the Debtor and Newmark arising out of a complex commercial real estate transaction (the "State Court Action"). Barbaccia made a demand for arbitration under the terms of an April 30, 2014 Membership Interest Purchase and Sale Agreement (the "MIPSA"), and thereafter the parties to the State Court Action stipulated to arbitration through JAMS (the "Arbitration").

5. In the Arbitration, Barbaccia sought declaratory relief and disgorgement of a $1,080,000 commission that had already been paid to the Debtor and Newmark, and the Debtor and Newmark asserted the State Court Action claims.

6. A three-day arbitration was held by JAMS in March and April 2021. On July 26, 2021, the JAMS arbitrator issued his Interim Award (the "Interim Award"). In the Interim Award, the arbitrator denied each party's respective claims for damages and/or disgorgement, and each party took nothing by way of those claims. However, the Interim Award also determined that Barbaccia was the prevailing party in the matter and that it was entitled to recover its attorneys' fees, costs and expenses under the terms of the MIPSA. This came as a complete surprise to the Debtor and Newmark, having been advised repeatedly by their counsel, P&M, that they were not at risk of becoming liable for Barbaccia's fees.

7. On October 29, 2021, the JAMS arbitrator issued his Final Award, wherein Barbaccia was awarded attorneys' fees in the amount of $1,269,722.60 and costs and expenses in the amount of $67,576.22, for a total award of $1,337,298.80, against the Debtor and Newmark jointly and severally.

8. In the State Court Action and the Arbitration, the Debtor and Newmark were jointly represented by P&M. P&M's attorneys did not advise the Debtor at any time before or during P&M's representation of the Debtor in the State Court Action or the Arbitration, that the Debtor was at risk of bearing the attorneys' fees, costs and expenses of Barbaccia, should Barbaccia prevail in the State Court Action or the Arbitration. To the contrary, the firm assured the Debtor that such a risk had been avoided procedurally.

9. By providing such advice and consultation to the Debtor, P&M acted negligently and its malfeasance resulted in substantial damages to the Debtor, including its obligation to contribute as a judgment co-debtor, and its need to seek relief under the Bankruptcy Code.

10. On or about December 29, 2022, Newmark made demand upon P&M for arbitration of Newmark's claims arising from P&M's malfeasance and other misconduct. A copy of that demand (the "Demand") is attached to the Kane Decl. as **Exhibit "A."** Newmark's claims against P&M, as described in the Demand and its attachments, are similar to the Debtor's claims against P&M.

11. In Claim 1, P&M seeks payment of fees and costs allegedly owed by Debtor and Newmark for services rendered in connection with the Arbitration and the State Court Action. However, in light of the foregoing misconduct of P&M in its representation of the Debtor, those services were provided negligently and of no value to the Debtor, and therefore no fees or costs are owed to P&M by the Debtor.

## II. OBJECTION

Pursuant to Section 502(b) of the Bankruptcy Code, a claim is not allowable if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .". 11 U.S.C. § 502(b)(1).

For the reasons set forth above, the claim asserted by P&M is not enforceable against the Debtor because no amount is owing from the Debtor to P&M, and Claim 1 should therefore be

disallowed in its entirety.[1]

DATED:  March 14, 2023

                                                  MEYERS LAW GROUP, P.C.

By    /s/  *Merle C. Meyers*
      Merle C. Meyers, Esq.
      Attorneys for Kane Corporation,
      Reorganized Debtor

---

[1] This objection is without prejudice to any claims asserted or to be asserted by the Debtor, or by Newmark as Special Representative for the estate herein (which has taken assignment of such claims pursuant to the terms of the Plan).

REORG-30819 DEBTOR'S OBJECTION TO CLAIM NUMBER 1 FILED BY PO H&M APS
32746.DOC 20168