PAHL & McCAY
A Professional Law Corporation
**Catherine Schlomann Robertson** (State Bar No. 136213)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone: (408) 286-5100
Facsimile: (408) 286-5722
Email: crobertson@pahl-mccay.com

Attorneys for Creditor
Pahl & McCay, APC

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>KANE CORPORATION,<br><br>Debtor. | Case No. 21-30819 HLB<br><br>Chapter: 11<br><br>**RESPONSE TO OBJECTION TO PROOF OF CLAIM #1 (P&M)**<br><br>Judge: Hon. Hannah L. Blumenstiel |

NOW COMES, PAHL & McCAY, APC, ("P&M") and for its Response to Objection to Proof of Claim of Pahl & McCay, APC (Claim No. 1) states as follows:

## BACKGROUND

### *The Demand for Arbitration*

Following the Demand for JAMS Arbitration issued by Cornish & Cary Commercial and John Leyvas (co-plaintiffs with Debtor in the original proceeding), all parties agreed to participate in Mediation and stay Arbitration until that process has proven unsuccessful. P&M's claim against Debtor will *certainly* be resolved as part of any successful Mediation, and if Mediation is unsuccessful, adjudicated as part of the Arbitration.

### *P&M's Claim*

Debtor filed its Objection to Proof of Claim Number 1 filed by Pahl & McCay APC (Claim #1) ("Objection"). ***The Debtor does not dispute that it incurred the attorneys' fees***

*asserted in the claim.* Moreover, the Debtor has presented *no legal or factual basis for a right to offset.* Instead, the Debtor, via its sole shareholder and non-attorney, simply declares that "It is *my opinion* that . . . P&M acted negligently and its malfeasance resulted in substantial damages to the Debtor . . . ." (emphasis added).

## ARGUMENT

### I. The Claim Fully Complies with Federal Rule of Bankruptcy 3001

Fed R. Bank. P. 3001 sets forth what a creditor must include with its claim for it to constitute "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Fed. R. Bankr. P. 3001(a) requires that the proof of claim "conform substantially to the Official Form." The Claim was submitted on the Official Form; therefore, it clearly conforms to the Official Form.

Fed. R. Bankr. P. 3001(c) sets forth what must be attached to a proof of claim. None of the circumstances set forth in Fed. R. Bankr. P. 3001(c) for additional documentation apply to the Claim – i.e., the Claim is not based on a writing, it does not include interest, fees, expenses, or other charges, it is not based on an open-end or revolving consumer credit agreement, and P&M is not claiming a security interest in any property. Therefore, according to the plain language of Fed. R. Bankr. P. 3001(c), P&M is not required to attach anything to its Claim, but nevertheless, included its ledger to substantiate its Claim – more information than it was required to provide under Fed. R. Bankr. P. 3001(c).

In that public publication of the actual underlying invoices would violate attorney-client privilege, the substantiation of the claim is fully compliant with both bankruptcy and state law.

Because P&M has complied with all of the requirements of Fed. R. Bankr. P. 3001, it has satisfied its initial burden of coming forward with a presentation of any evidence of the claim. Thereafter, *the Debtor has the burden of presenting evidence that the Claim is legally deficient.* The Debtor has submitted *NO EXPERT TESTIMONY* other than Debtor's sole shareholder, and a layperson, that P&M committed "malfeasance" and "negligence" in its representation of Debtor.

> Attorney malpractice is to be determined by the rules that apply to professional negligence generally, subject to the necessary qualification that the court must determine legal questions which

> underly (sic) the ultimate decision.
>
> \* \* \*
>
> Generally, the creation of the attorney-client relationship imposes upon the lawyer the obligation to represent his client with "such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake." ' (Ishmael v. Millington, 241 Cal.App.2d 520, 523; Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 6 Cal.3d 176) The standard is that of members of the profession 'in the same or a similar locality under similar circumstances' (citation) . . ." (47 Cal.App.3d at p. 809, 121 Cal.Rptr. at p. 199.)
>
> Expert evidence in legal malpractice suit is conclusive as to proof of prevailing standard of skill and learning in locality and of propriety of particular conduct by practitioner in particular instances because such standard and skill is not matter of general knowledge and can only be supplied by expert testimony. Plaintiffs' proof relative to these issues generally requires the testimony of experts as to the standards of care and consequences of breach. "(E)xpert evidence in a malpractice suit is conclusive as to the proof of the prevailing standard of skill and learning in the locality and of the propriety of particular conduct by the practitioner in particular instances because such standard and skill is not a matter of general knowledge and can only be supplied by expert testimony. (Citations.) . . ." (Lysick v. Walcom (1968) 258 Cal.App.2d 136, 156, 65 Cal.Rptr. 406, 419.)

*Lipscomb v. Krause* (1978) 87 Cal.App.3d 970, 976.

Clearly, here, the Debtor has not met its burden. Without the assistance of either an expert or adjudication by a trier of fact, Debtor cannot present any evidence that would allow this court reject the claim.

## II. Should the Court not be persuaded by the above, P&M proposes that this Court postpone further action until the conclusion of the Mediation/Arbitration.

Subsequent to service of the Demand for Arbitration, and after P&M had tendered the claim to its insurance, the parties agreed to participate in Mediation and stay the Arbitration until that process has proven unsuccessful. P&M's claim against Debtor will *certainly* be resolved as part of any successful Mediation, and if Mediation is unsuccessful, adjudicated as part of the Arbitration. In the interest of judicial economy, P&M proposes that any further action by this court on this claim be stayed until either Mediated resolution, or Arbitration adjudication.

3
RESPONSE TO OBJECTION TO PROOF OF CLAIM #1 (P&M)

## CONCLUSION

The Objection should be overruled and the Claim allowed because the Debtor has not raised a valid legal objection to the Claim, it is clear that P&M has attached sufficient evidence of the valuation of its Claim and that the Debtor has not met its burden.

In the event that the court disagrees with this analysis, and in the interest of judicial economy and avoiding conflicting rulings, P&M respectfully requests that this Court stay and further proceedings until after the JAMS Mediation/Arbitration process is complete.

DATED: March 23, 2023     PAHL & McCAY
                          A Professional Law Corporation

                          By: /s/ Catherine Schlomann Robertson
                              Catherine Schlomann Robertson, Esq.

                          Attorneys for Creditor
                          PAHL & McCAY, APC

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*9998/124 -
01205145.DOCX.
1